**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DELLWAYNE PRICE,**                ) | |
|                                       ) | |
|             **Plaintiff,**       ) | |
|                                         ) | |
|             **v.**              ) | **CIVIL ACTION NO. 5:23-CV-9 (MTT)** |
|                                         ) | |
| **C COLLIER,**                    ) | |
|                                         ) | |
|             **Defendant.**      ) | |

## ORDER

On November 2, 2023, the Magistrate Judge recommended granting the defendant's motion to dismiss plaintiff Dellwayne Price's complaint for failure to exhaust administrative remedies. Doc. 34. Price objected. Doc. 36. On December 15, 2023, the Court adopted the recommendation after reviewing it de novo. Doc. 38. On December 18, 2023, Price filed a "response" to the defendant's motion to dismiss. Doc. 40. The Court construes Price's "response" (Doc. 40) as a motion for reconsideration of the Court's prior order (Doc. 38) and judgment (Doc. 39).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the

court made a clear error of law." *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Price argues that he exhausted his administrative remedies because his grievance was "transferred to the criminal division," which "should have closed the grievance."  Doc. 40 at 12.  Price's motion for reconsideration references a previously submitted "grievance history," which highlights grievance 332012.  Doc. 36-3.  The grievance history supports Price's assertion that grievance 332012 was "referred to CID."  *Id*.  Thus, Price appears to argue that his complaint was premised on grievance 332012, which was referred to the criminal division and properly exhausted.  Price's argument is unavailing because grievance 332012 refers to an incident that occurred on November 1, *2021,* and Price's complaint involves an incident that occurred November 1, *2022*.  *Compare* Doc. 1-1 at 2 *with* Doc. 36-3.  Thus, Price's motion for reconsideration does not alter the Court's conclusion that Price failed to exhaust grievance 345471—the grievance filed on November 1, 2022 about the incident alleged in his complaint.

Because Price has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court in its previous Order and Judgment (Docs. 38; 39), his motion for reconsideration (Doc. 40) is **DENIED**.

**SO ORDERED**, this 22nd day of December, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
