IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-9 (MTT) |
| | ) |
| C COLLIER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On November 2, 2023, the Magistrate Judge recommended granting the defendant's motion to dismiss plaintiff Dellwayne Price's complaint for failure to exhaust administrative remedies. Doc. 34. Price objected. Doc. 36. On December 15, 2023, the Court adopted the recommendation after reviewing it de novo. Doc. 38.

On December 18, 2023, Price filed a "response" to the defendant's motion to dismiss. Doc. 40. The Court construed Price's "response" (Doc. 40) as a motion for reconsideration of the Court's prior order (Doc. 38) and judgment (Doc. 39). Specifically, Price argued that his complaint was premised on grievance 332012, which was referred to the criminal division and properly exhausted. Docs. 40 at 12; 36-3. But the Court pointed out that Price's argument was "unavailing because grievance 332012 refers to an incident that occurred on November 1, *2021,* and Price's complaint involves an incident that occurred November 1, *2022*." Doc. 41 at 2. Thus, Price failed to exhaust his administrative remedies and his complaint was properly dismissed. *Id*. On

January 12, 2024, Price moved again for reconsideration of the Court's prior order and judgment.  Docs. 42; 43.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Price's second motion for reconsideration references the defendant's interrogatory responses, which states that grievance 345471 (i.e., the grievance that forms the basis of Price's complaint) was filed on November 1, 2022.  Doc. 43-1.  But Price does not provide any evidence or argument that grievance 345471 was properly exhausted.  *See* Doc. 43.  In fact, Price states that he "was notified of the rejection of this grievance on November 21, 2022, but did not appeal the grievance to the central office."  *Id*. at 5.  As stated in the Recommendation and the Court's order adopting the Recommendation, Price did not exhaust his administrative remedies because he did not appeal the denial of grievance 345471.  Docs. 34 at 5-6; 38 at 1-2.  Thus, Price's complaint was properly dismissed for failure to exhaust.

-3-

Because Price's motion does not point to any intervening change in the law, newly discovered evidence, or clear error by the Court, his motion for reconsideration (Doc. 42) is **DENIED**.

**SO ORDERED**, this 1st day of February, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT