IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-9 (MTT) |
| | ) |
| C. COLLIER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On November 2, 2023, the Magistrate Judge recommended dismissing Dellwayne Price's complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA).  Doc. 34.  Price objected.  Doc. 36.  On December 15, 2023, the Court adopted the recommendation after reviewing it de novo.  Doc. 38.  Since the dismissal of Price's complaint, Price has filed two motions for reconsideration, which the Court denied.  Doc. 40; 42; 43.[1]  On October 16, 2024, Price again moved for reconsideration.  Doc. 45.  For the following reasons, Price's third motion for reconsideration is **DENIED**.

---

[1] In Price's first motion, he argued that he exhausted his administrative remedies because his complaint was premised on grievance 332012, which was properly exhausted.  Docs. 40 at 12; 36-3.  The Court denied that motion because grievance 332012 referred to an event that occurred one year before the event giving rise to Price's complaint. Doc. 41 at 2.  In his second motion for reconsideration, Price argued that he exhausted his administrative remedies, pointing to grievance 345471, which related to the incident that formed the basis of his complaint.  Doc. 42.  The Court denied that motion for reconsideration because Price did not provide any evidence that grievance 345471 was properly exhausted.  Doc. 43-1.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Price's third motion for reconsideration contains no grounds for reconsideration. Doc. 45. Instead, Price provides a detailed summary of the process required for an inmate to sue in federal court. *Id.* at 1-15. He then quotes various statutes, caselaw, and operating procedures, none of which discuss exhaustion under the PLRA. *Id.* at 15-26. Price's motion never states, or implies, that the Court erred when it dismissed Price's complaint for failure to exhaust.

Because Price's motion does not point to any intervening change in the law, newly discovered evidence, or clear error by the Court, his motion for reconsideration (Doc. 45) is **DENIED**.

**SO ORDERED**, this 9th day of December, 2024.

S/ Marc T. Treadwell<br>MARC T. TREADWELL, JUDGE<br>UNITED STATES DISTRICT COURT